2003 SD 119

**In the Matter of Raymond
KLEIN, Appraiser.**

No. 22694.

Supreme Court of South Dakota.

Considered on Briefs Aug. 25, 2003.

Decided Sept. 24, 2003.

Lawrence E. Long, Attorney General, Grant Gormley, Assistant Attorney General, Pierre, South Dakota, Attorneys for appellee State of South Dakota.

Joseph E. Ellingson, Spearfish, South Dakota, Attorney for appellant Klein.

SABERS, Justice.

[¶ 1.] The Department of Commerce and Regulation (Department) found that appraiser Raymond Klein violated the Uniform Standards of Professional Appraisal Practice (USPAP) and imposed sanctions. Klein's state-certified General Appraiser Certificate was suspended for 120 days, a penalty of $1000 was assessed and he was ordered to have his non-residential appraisals reviewed at his expense for six months. Klein appealed to the circuit

court and the circuit court affirmed. Klein appeals. We affirm.

## FACTS

[¶ 2.] In May 2000, Black Hills Power and Light (BHP) commenced condemnation proceedings against Bailey Associates for an easement to erect power lines. Bailey owned approximately 160 acres of land and the strip BHP was condemning was approximately 6.5 acres. Bailey hired Klein to appraise the property to determine appropriate compensation for the condemned property. Bailey was unaware that this was Klein's first condemnation appraisal.

[¶ 3.] Klein completed his appraisal on May 8, 2000 and the jury trial to determine compensation was held on May 12, 2000. Klein testified and Bailey used his appraisal to support its assertions regarding appropriate compensation. John Widdoss appraised the property for BHP and also testified at trial.

[¶ 4.] After the trial, Widdoss filed a complaint with the Appraiser Certification Program at Department. Widdoss asserted that Klein's appraisal was incompetent because, among other things, it failed to use proper appraisal methods. The Department forwarded the Complaint, Klein's response and supporting documents, and the appraisals to two examiners for review. The examiners independently determined that Klein had committed numerous, significant violations of the USPAP. The examiners both concluded that the appraisal was "not done competently." The examiners jointly compiled a list of the violations they agreed upon and submitted the list to the Department. Based on the violations found by the examiners, the Department recommended that:

1. Klein's state-certified General Appraiser Certificate be suspended for 120 days;

2. Klein pay an "unprofessional conduct penalty fee" of $750; and

3. Klein's non-residential appraisals be reviewed at his expense for six months.

[¶ 5.] Klein requested a hearing and it was held on May 29, 2001. The Secretary accepted the hearing officer's findings and conclusions, and based on the numerous violations, the Secretary imposed sanctions. Klein appealed to the circuit court and after briefing and oral argument, the circuit court affirmed the Department's decision. Klein appeals raising several issues which we consolidate as:

Whether there was sufficient evidence to support the determination that Klein's appraisal was incompetent.

We affirm.

## STANDARD OF REVIEW

■ [¶ 6.] Our standard of review for an administrative appeal is well settled. SDCL 1–26–36 requires us to give great weight to findings and factual inferences drawn by the agency. *Sopko v. C R Transfer Co., Inc.*, 1998 SD 8, ¶ 6, 575 N.W.2d 225, 228 (additional citations omitted). "Agency findings are examined 'in the same manner as the circuit court to decide whether they were clearly erroneous in light of all the evidence. If after careful review of the entire record we are definitely and firmly convinced a mistake has been committed, only then will we reverse.'" *Western Wireless Corp. v. Dept. of Revenue*, 2003 SD 68, ¶ 5, 665 N.W.2d 73, 75 (quoting *Sopko*, 1998 SD 8 at ¶ 6, 575 N.W.2d at 228). An agency's conclusions of law are fully reviewable. *Id.* In matters concerning the revocation of a professional license, the agency's burden of proof is clear and convincing. *In Re*

*Setliff*, 2002 SD 58 ¶ 13, 645 N.W.2d 601, 605.

[¶ 7.] **WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE DETERMINATION THAT KLEINS APPRAISAL WAS INCOMPETENT.**

[¶ 8.] The administrative rules governing appraisers require that appraisals conform to the USPAP. ARSD 20:14:06:01; ARSD 20:69:10:03. The USPAP requires appraisers to comply with the competency rules and standards set out in its provisions. The competency rule provides:

> Prior to accepting an assignment or entering into an agreement to perform any assignment, an appraiser must properly identify the problem to be addressed and have the knowledge and experience to complete the assignment competently, or alternatively:
>
> 1. Disclose the lack of knowledge and/or experience to the client before accepting the assignment; and
>
> 2. Take all steps necessary or appropriate to complete the assignment competently; and
>
> 3. Describe the lack of knowledge and/or experience and the steps taken to complete the assignment competently in the report.

Uniform Standards of Professional Appraisal Practice, 5 (Appraisal Standards Board 2000). The Secretary found that Klein violated this rule and that "[u]nder the circumstances, disciplinary action by the Department is more than warranted, it is a necessity." Klein attacks this finding on several fronts alleging first that he used the proper method of appraisal.

[¶ 9.] The Secretary's final conclusions of law provide in part that "Klein's failure to use the 'before and after' approach in the subject appraisal is a violation of the requirement of the USPAP Standards Rule 1–1(a).[1]" Klein appears to concede that the before and after method is the appropriate method in cases which involve a partial taking and that this case involved a partial taking. He argues however, that a letter from the judge in the condemnation proceeding indicated the judge's belief that this was not a partial taking. The judge wrote "[t]he taking of an easement in that part of the strip which is not physically occupied by the poles and towers is deemed tantamount to a taking in fee." The judge then cited to several South Dakota Supreme Court condemnation cases to support his opinion regarding determination of just compensation.

[¶ 10.] Klein argues that he agreed with the court and that the opinions cited by the court indicated Klein was not required to use the before and after method. Klein misses the point with this argument. First, Klein fails to understand that the "taking in fee" in this case was a partial taking and the judge's letter did not indicate otherwise. Testimony at the hearing, which the Secretary found "persuasive," indicated that the before and after approach was "text book" in cases of partial taking. Standards Rule 1–1 requires that the appraiser must "be aware of, understand, and correctly employ those recognized methods and techniques that are necessary to produce a credible appraisal." The evidence at the hearing indicated that the before and after method is always used in partial taking cases and that Klein's failure to use it in this case led to errors that "substantially affected the credibility of his appraisal." Second, the judge's opinions and this Court's opinion regard-

---

1. The "before and after" method of appraisal requires the appraiser to value the entire parcel before the taking and after the taking. The difference between the two values is used to determine the compensation due to the owner.

ing determination of just compensation are irrelevant to the question whether Klein violated USPAP standards. The Secretary did not err in rejecting Klein's argument that the trial court's statement obviated the requirement to use the before and after method.

■ [¶ 11.] Klein's next argument is that the Department erred in finding that he was incompetent to provide an appraisal. Klein notes his years of experience as an appraiser and argues the fact that he had never done a condemnation appraisal was insufficient criteria to find him incompetent. This argument fails on two levels. First, the Department's finding was not that Klein was incompetent, but that the appraisal was incompetent. Second, there was sufficient evidence to support the finding that the appraisal was incompetent.

[¶ 12.] Ken Simpson, the Department's expert witness, was asked to identify some of the alleged violations by Klein. It is noteworthy that Simpson was not asked to identify all of the violations but only to "identify a couple." The hearing examiner found those violations "more than sufficient to provide a basis for Departmental sanctions." The violations included, but are not limited to the following:

1. Violation of the competency rule: Simpson testified that Klein's appraisal was "fundamentally flawed" and that Klein did not have the expertise to competently perform a condemnation appraisal.

2. Klein failed to prominently state in the appraisal which of the standard report options he used, a violation of USPAP Standards Rule 2–2.

3. Klein failed to use the proper method of appraisal, a violation of USPAP Standards Rule 1–1.

4. Klein failed to analyze a previous sale of the property, a violation of USPAP Standards Rule 1–5(b).

5. Klein failed to indicate the intended use and users of the appraisal report violating Standards Rule 1–2.

6. Klein improperly used the "highest and best use" method of appraisal. Simpson testified that Klein's "highest and best use" analysis was "totally flawed and incorrect, everything that follows it in the valuation is similarly flawed." This inadequate and improper analysis violated Standards Rule 1–3.

7. Simpson testified that when a particular approach is eliminated from an appraisal, the appraiser is required to insert a statement to indicate why the approach was not used or included in the report. Klein eliminated the income approach from the report but failed to put the mandatory statement in the report.[2]

8. Because Klein failed to use the proper method of appraisal, his report was found to be misleading. This is a violation of Standards Rule 2 which requires that the results of an appraisal be communicated "in a manner that is not misleading."

Simpson's testimony and the examiners' reports provided sufficient evidence for the Department to find the appraisal incompetent.

[¶ 13.] Klein asserts here, as he did below, that the alleged violations of the USPAP were "mere technical violations which had no impact on the appraisal."

2. Klein argues on appeal that the trial judge indicated that he did not want the jury to hear about the income approach. Because of his fear of judges (his father was a judge), Klein asserts he felt incapable of even addressing the issue in his report. The fact remains that the USPAP requires inclusion of a statement indicating why the approach is omitted. His failure to provide the statement is a violation regardless of the reason for the failure.

He argues that because they are simple technical violations, imposition of sanctions was arbitrary and capricious. Based on the expert testimony, the Department came to the conclusion that the cumulative effect of the many errors resulted in an incompetent appraisal. ARSD 20:14:06:01 requires appraisals to conform to the US-PAP, and Klein's certification is subject to review by the Department under SDCL ch. 36–21B. Klein is subject to discipline by the Department under ARSD 20:14:11:02 and 20:14:11:03(10) and (13). The hearing examiner rejected Klein's assertion that his appraisal was competent and found Simpson's testimony persuasive. Giving due regard to the hearing examiner's findings of fact and opportunity to judge the credibility of the witnesses, we find no error in the determination that the violations cumulatively amounted to an incompetent appraisal.

[¶ 14.] Klein does not address the question whether the sanctions imposed are too severe assuming the violations are upheld. He merely argues that his violations are not significant enough to warrant discipline. Regardless, the Department is entitled under SDCL 36–21B–7 to impose a fine up to $1000 and require additional educational course requirements upon a finding that the appraiser acted unprofessionally according to the USPAP standards. The Department is also entitled to suspend an appraiser's State Certified General Appraiser Certificate pursuant to ARSD 20:14:11:02. Klein has failed to show that the Department acted in an arbitrary and capricious manner by imposing these sanctions. Affirmed.

[¶ 15.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.